United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41346
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MICHAEL GLEN SEYMOUR,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-41-3
---------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Michael Glen Seymour appeals his conviction for conspiracy

to possess with intent to distribute 50 grams or more of cocaine

base in violation of 21 U.S.C. §§ 841(a)(1) and 846.  On appeal,

Seymour challenges only the district court's failure to hold an

evidentiary hearing on his oral motion to suppress evidence.

Because his motion to suppress was not made until the middle of

the trial, the district court denied it as untimely.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A motion to suppress evidence must be made before trial. FED. R. CRIM. P. 12(b)(3)(C). Failure to raise a motion by the deadline results in a waiver of the objection. FED. R. CRIM. P. 12(e). An evidentiary hearing is required on a motion to suppress "only when necessary to receive evidence on an issue of fact." United States v. Harrelson, 705 F.2d 733, 737 (5th Cir. 1983). This court reviews a district court's refusal to conduct an evidentiary hearing on a motion to suppress for abuse of discretion. Id.

Because the district court denied the motion to suppress as untimely, the district court did not abuse its discretion by not holding an evidentiary hearing on its substantive merits. Seymour's appellate brief does not address the district court's conclusion that his motion to suppress was untimely; therefore, we will not consider this issue on appeal. See Yohey v. Collins, 985 F.2d 222, 224 (5th Cir. 1993).

AFFIRMED.